IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DAVID ST. SAUVER,
      Petitioner,

vs.                                 Case No. 3:09cv120/RV/EMT

EDWIN G. BUSS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 10). Respondent filed an answer and relevant portions of the state court record (doc. 21). Petitioner filed a reply (doc. 24).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* doc. 21, exhibits; doc. 24 at 1–2).[1] Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 99-CF-1489, with one count of sexual battery upon a person twelve years of age or older (Ex. C at 16). He was charged by separate

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 21). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

information, Case No. 99-CF-1490, with one count of sexual battery upon a person less than twelve years of age, a capital felony (*id.* at 19).   On February 14, 2000, the State filed an amended information in Case No. 99-CF-1490, charging only attempted sexual battery, a first degree felony (*id.* at 39).   Petitioner entered a written plea agreement ("Plea Agreement"), pursuant to which he agreed to plead nolo contendere in both cases in exchange for a sentence of fifteen years of imprisonment in Case No. 99-1489 and a concurrent term of forty years of imprisonment in Case No. 99-1490, with credit for time served (*id.* at 40–41).   Additionally, Petitioner stipulated that a factual basis for the charges existed, and he waived a pre-sentence investigation report (*id.*).   The court adjudicated Petitioner guilty and sentenced him in accordance with the Plea Agreement (*id.* at 49–55, 64–67).   According to Petitioner's sentencing score sheet, he qualified for a minimum prison sentence of 105.9 months and a maximum of 176.5 months, according to the Florida sentencing guidelines; however, the court imposed an upward departure due to the "legitimate, uncoerced plea bargain" (*id.* at 56–58).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA").   On April 4, 2000, Petitioner filed a pro se motion for reduction or modification of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. F).   The state circuit court dismissed the motion for lack of jurisdiction due to the pending appeal (Ex. G).   Petitioner voluntarily dismissed his appeal to enable him to pursue a sentence reduction (Ex. D).   The First DCA dismissed the appeal on June 15, 2000 (Ex. E).   On July 13, 2000, Petitioner fined another Rule 3.800(c) motion (Ex. H).   The state circuit court denied the motion on August 17, 2000 (Ex. I).

On December 23, 2005, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. K at 1–3).   The State conceded that Petitioner should be resentenced (*id.* at 14–15).   The court appointed counsel for Petitioner (*id.* at 24).   The court then granted Petitioner's motion and resentenced him to only thirty years of imprisonment in Case No. 99-1490 (the court did not change the concurrent 15-year sentence in Case No. 99-1489) (*id.* at 30–35, 40–41, 44–48).   Petitioner, through counsel, filed a motion to correct sentencing error, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure (*id.* at 50–53).   The state circuit court denied the motion on June 5, 2007 (*id.* at 54–55).   Petitioner

appealed to the First DCA (Ex. L).  The First DCA redesignated the appeal as a direct appeal of Petitioner's judgment of conviction and sentence (*see* Ex. J).  On February 8, 2008, the First DCA affirmed the judgment per curiam without written opinion, with the mandate issuing April 4, 2008 (Exs. O, T).  St. Sauver v. State, 976 So. 2d 1100 (Fla. 1st DCA 2008) (Table).

On March 16, 2009, Petitioner filed another Rule 3.800(a) motion (Ex. V at 1–5).  The state circuit court summarily denied the motion (*id.* at 9–10).  Petitioner appealed the decision to the First DCA.  On September 15, 2009, the First DCA affirmed the decision per curiam without written opinion, with the mandate issuing October 14, 2009 (Exs. AA, BB).  St. Sauver v. State, 18 So. 3d 534 (Fla. 1st DCA 2009) (Table).

Petitioner filed the instant federal habeas action on March 19, 2009 (doc. 1).  Respondent concedes that the petition is timely (doc. 21 at 7–8).

II.    STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.  In relevant part, § 2254(d) provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (2006).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.  Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Id.</u>, 529 U.S. at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' rejection of the claim at issue" should "review the highest state court decision disposing of the claim."  <u>Harvey v. Warden, Union Corr. Inst.</u>, 629 F.3d 1228, 1237 (11th Cir. 2011); <i>see</i> <u>Knowles v. Mirzayance</u>, — U.S.—, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009).

Employing the <u>Williams</u> framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  Dicta in opinions is not controlling.  <u>Thaler v. Haynes</u>, — U.S. —, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); <u>Bowles v. Sec'y for Dep't of Corr.</u>, 608 F.3d 1313, 1315 (11th Cir. 2010).  A federal court of appeals decision cannot clearly establish federal law for § 2254 purposes, even if its holding is directly on point.  <u>Bowles</u>, 608 F.3d at 1316 (citing <u>Renico v. Lett</u>, — U.S. —, 130 S. Ct. 1855, 1866, 176 L. Ed. 2d 678 (2010)).

---

[2] Unless otherwise noted, references to <u>Williams</u> are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

After identifying the governing legal principle, the court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  To be entitled to deference, the state court decision need not cite to Supreme Court case law.  As the Supreme Court clarified:  "Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  See Panetti v. Quarterman, 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record before the state court.  Williams, 529 U.S. at 409; see Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); cf. Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  A state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. Knowles, 129 S. Ct. at 1419.  Notably, even a state court's incorrect or erroneous application of clearly established law will not warrant federal habeas relief unless it is also objectively unreasonable.  See Schriro v. Landrigan, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially

higher threshold."); Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87, 178 L. Ed. 2d 624 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.  *See* Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (citing Harrington, 131 S. Ct. at 786).  The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  *See* Harrington, 131 S. Ct. at 786; *see also* Gill, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the Supreme Court applies an objective test.  Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").  The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  *See* Gill, 633 F.3d at 1292.

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the

petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see, e.g.,* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(2) interact in the context of fact-based challenges to state court adjudications. Cave v. Sec'y for Dep't of Corr., — F.3d. —, 2011 WL 1365021 (11th Cir. Apr. 12, 2011). However, in a recent Eleventh Circuit decision the court declined to grant habeas relief under § 2254(d)(2), in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." Gill, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti, 551 U.S. at 953. The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786.

## III.   EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving

---

[3]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
        (A)  the applicant has exhausted the remedies available in the courts of the State; or
        (B) (i)  there is an absence of available State corrective process; or
           (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," id., 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982).  In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).  The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  Anderson, 459 U.S. at 7 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim.  Id., 459 U.S. at 7 and n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal

habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in <u>Duncan v. Henry</u>, 513 U.S. 364.  The <u>Duncan</u> Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."  <u>Duncan</u>, 513 U.S. at 365–66.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  In <u>Baldwin</u>, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*, 541 U.S. at 32.  This language, while not part of the Court's holding, provides helpful instruction.  With regard to this language, the Eleventh Circuit explained in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  <u>McNair</u> [<u>v. Campbell</u>], 315 F. Supp. 2d at 1184 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . .  We

---

[4] The petitioner in <u>Duncan</u> raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.  513 U.S. at 366.

> therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more
> than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to <u>Duncan</u>, had broadly interpreted the "fair presentation"
requirement.  After <u>Duncan</u>, however, the Eleventh Circuit has taken a more narrow approach.  For
example, in <u>Zeigler v. Crosby</u>, the court held that the habeas petitioner failed to "fairly present" his
juror misconduct claims to the state courts where his brief to the state appellate court did not refer
to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited
in his direct appeal discussed the United States Constitution.  345 F.3d 1300, 1307 (11th Cir. 2003).
The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt
with juror misconduct contained the words:  "Appellant was denied due process and a fair trial. . .
.," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the
Florida Constitution.  <u>Id.</u> at 1308 n.5.  The only cases cited in the discussion of the issue in
petitioner's state appellate brief were state supreme court cases that made no mention of the United
States Constitution and cited no federal cases.  The court concluded that petitioner's "[c]ursory and
conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida
courts the federal claim asserted to us."  <u>Id.</u>

An issue that was not properly presented to the state court and which can no longer be
litigated under state procedural rules is considered procedurally defaulted, that is, procedurally
barred from federal review.  <u>See</u> <u>O'Sullivan</u>, 526 U.S. at 839–40, 848; <u>Bailey v. Nagle</u>, 172 F.3d
1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it
was presented in state court and rejected on the independent and adequate state ground of procedural
bar or default.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and
n.1, 115 L. Ed. 2d 640 (1991); <u>Caniff v. Moore</u>, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims

---

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation
containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by
the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and
Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law."  <u>McNair v.
Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient
to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the
federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  <u>Id.</u>

that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner.  Ford v. Georgia, 498 U.S. 411, 424-25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate. *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause and prejudice or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  Tower, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

Id.

Within this framework, the court will review Petitioner's claims.

IV.    PETITIONER'S CLAIMS

A.    Ground One:  "Invalid departure reason in violation of the 6th Amendment of the United States Constitution."

Ground Two:  "The State has no further interest in the proceedings before this court."

In Ground One, Petitioner asserts the Plea Agreement provided he would receive a 40-year sentence in exchange for a reduced charge in Case No. 99-CF-1490 (doc. 10 at 5).[7]  He states his understanding of the Plea Agreement was that he was pleading to a lesser included offense accompanied by a lawful sentence (id. at 5, 12).  He states the maximum sentence of imprisonment under the relevant sentencing guidelines (the offense was allegedly committed between March 1,

---

[7] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

1998, and September 10, 1999) was 176.5 months (*id.* at 12).  He states the State never advised him they intended to depart from a guidelines sentence or that legitimate reasons for departure existed (*id.*).  He contends he did not stipulate to an illegal sentence (*id.*).  He concedes he was resentenced to thirty years, the statutory maximum for a first degree felony (*id.*).  However, he contends the sentence was still invalid because it was a departure sentence based upon an invalid reason (the allegedly illegal plea bargain) (*id.* at 12–13).  Petitioner asserts in Ground Two that the State conceded he could not be legally sentenced in accordance with original, negotiated Plea Agreement (*id.* at 5).

Petitioner states he raised both of these claims in his Rule 3.800(b)(2) motion, which resulted in the resentencing, and on appeal of his resentencing (doc. 10 at 5).  As relief, he seeks a sentence of 176.5 months, in accordance with the sentencing guidelines in effect at the time of his offenses (*id.* at 7).

Respondent contends Petitioner's claims present only a state law issue for which federal habeas relief is unavailable (doc. 21 at 8–9).  Respondent acknowledges that Petitioner cites the Sixth Amendment but contends the claims are substantively a matter of purely state law (*id.* at 9).  Respondent additionally contends the claims are unexhausted because Petitioner failed to fairly present them as federal claims to the state court (*id.* at 9–10).  Respondent argues even if Petitioner's first mention of a federal issue on appeal could be a basis to review the merits of a claim of error under Apprendi v. New Jersey, 530 U.S. 466 (2000), the claim is without merit, because Petitioner stipulated to a factual basis for the offenses (*id.* at 10–11 (citing Blakely v. Washington, 542 U.S. 296, 310 (2004) and Duncan v. Louisiana, 391 U.S. 145, 158 (1968))).

In Petitioner's reply, he contends he specifically cited Apprendi and Blakely in his pleadings before the state circuit court (doc. 24 at 3, attached exhibit A).  He argues that because the negotiated plea was illegal, he should have been given the opportunity to re-negotiate a sentence with the State (*id.* at 4).  He further contends if he had been told that the maximum sentence he could receive was thirty years, his decision to plead "may have been different" (*id.*).  Petitioner clarifies he is not challenging his plea on the ground that it was not knowingly and intelligently entered; and he argues the State should not have an opportunity to "topple" the plea and go to trial (*id.* at 6).  He states he simply seeks a guidelines sentence (*id.* at 6–7).

The court will first address Respondent's procedural arguments, namely, that: (1) Petitioner has not presented a federal claim in the instant petition, and (2) Petitioner failed to fairly present a federal claim to the state courts.  The state court record shows that Petitioner argued in his Rule 3.800(a) motion that his 40-year sentence in Case No. 99-CV-1490 should be reduced to thirty years (Ex. K at 1–3).  He cited only Florida statutes and case law in support of his argument (*id.*).  The State responded that Petitioner should be resentenced to thirty years, also citing Florida law (*id.* at 14–17).  In Petitioner's reply, he argued he was entitled to the protections of <u>Apprendi</u> and <u>Blakely</u> (*id.* at 18–20).  The state circuit court granted the motion and resentenced Petitioner to thirty years, on the ground that the offense of attempted sexual battery was a first degree felony punishable by a term of imprisonment not exceeding thirty years under Florida statutes (*id.* at 40–41).  Petitioner's counsel then filed a motion to correct sentencing error, raising the issues presented in Grounds One and Two of this federal case (*id.* at 50–53).  Counsel argued, relying on state law, that Petitioner's nolo contendere plea was valid and effective, but the Plea Agreement was not valid; therefore, Petitioner should have been sentenced within the guidelines range (105.9–176.5 months) (*id.*).  The state circuit court denied the motion on the ground that although Petitioner's thirty-year sentence exceeded the guidelines, it was not illegal because it was based upon a negotiated plea agreement and did not exceed the statutory maximum (*id.* at 54–55).  On appeal, Petitioner's counsel raised the same issues Petitioner raises in Grounds One and Two (Ex. L).  In support of his argument, counsel asserted that Petitioner's departure sentence of thirty years was illegal because it rested entirely on the trial court's finding that it rested on a legitimate, uncoerced plea bargain, instead of jury findings beyond a reasonable doubt, citing <u>Apprendi</u>, <u>Blakely</u>, and <u>United States v. Booker</u>, 543 U.S. 220 (2005) (Ex. L at 8–9).

Liberally construing Grounds One and Two of the instant petition, as clarified in Petitioner's reply, the undersigned concludes that Petitioner has stated a federal claim, that is, that the state court violated his Sixth Amendment right, recognized in <u>Apprendi</u> and its progeny, by imposing an upward departure sentence based upon a judicially found fact (the existence of a "legitimate uncoerced plea bargain"), instead of a fact found by a jury beyond a reasonable doubt.  As to exhaustion, the state court record demonstrates Petitioner fairly presented his <u>Apprendi</u> claim to the state courts.  Therefore, the exhaustion requirement has been satisfied.

    1.  Clearly Established Federal Law

   In <u>Apprendi v. New Jersey</u>, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  In <u>Blakely v. Washington</u>, the Court clarified that the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).  In <u>United States v. Booker</u>, the Supreme Court extended its holding in <u>Blakely</u> to the United States Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  543 U.S. 220, 243–44, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  Finally, in <u>Cunningham v. California</u>, the Supreme Court extended the reasoning of <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> to California's determinate sentencing law (DSL).  549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).  Under California's sentencing plan, the crime in question carried a lower term of 6 years, a middle term of 12 years, and an upper term of 16 years.  *Id.*, 549 U.S. at 275.  The judge was required to impose the middle term unless he found one or more aggravating facts at the sentencing hearing.  *Id.*  As in <u>Booker</u>, such aggravating facts were found by the court based on the preponderance of the evidence, and not by a jury.  *Id.* at 288.  Cunningham received the higher sentence based on the judge's fact finding, and the Supreme Court reversed.  *Id.*  The Court reasoned that while Cunningham's sentence was below the statutory maximum, the DSL effectively made the middle term the mandatory term, much as was the case with the federal sentencing guideline scheme struck down in <u>Booker</u>.  *Id.*  The Court therefore held that the judge's fact finding deprived Cunningham of his Sixth and Fourteenth Amendment right to a jury trial.  *Id.* at 293.

    2.  Federal Review of State Court Decision

   As previously discussed, the state circuit court denied Petitioner's claim on the ground that although Petitioner's thirty-year sentence exceeded the sentencing guidelines, it was not illegal because it was based upon a negotiated plea agreement and did not exceed the statutory maximum. The First DCA affirmed the decision without written opinion.

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.  *See* <u>Gill</u>,  633 F.3d at 1287 (citing <u>Harrington</u>, 131 S. Ct. at 786).  The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* <u>Harrington</u>, 131 S. Ct. at 786; *see also* <u>Gill</u>, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Under Florida law in effect at the time of Petitioner's offense conduct (between March 1, 1998, and September 10, 1999), attempted sexual battery on a person less than twelve years of age was classified as a first degree felony.  Fla. Stat. §§ 794.011(2)(a); 777.04(4)(b).  A first degree felony was punishable by a term of imprisonment not exceeding thirty years.  Fla. Stat. § 775.082(3)(b).

Florida law further provided:

(5) Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. . . . If a departure sentence, with written findings, is imposed, such sentence must be within any relevant maximum sentence limitations provided in s. 775.082.  The failure of a trial court to impose a sentence within the sentencing guidelines is subject to appellate review pursuant to chapter 924, except as otherwise provided in this subsection.  However, the extent of a departure from a guidelines sentence is not subject to appellate review.

(6) A court may impose a departure sentence outside the sentencing guidelines based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence in accordance with s. 921.0016.  The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence.  When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.  Any sentence imposed

outside the range recommended by the guidelines must be explained in writing by
the trial court judge.

Fla. Stat. § 921.001 (1998).

> Section 921.0016 provided, in relevant part:
>
> (1)(a) The recommended guidelines sentence provided by the total sentence points
> is assumed to be appropriate for the offender.
>
> . . . .
>
> (c)  A state prison sentence which varies upward or downward from the
> recommended guidelines prison sentence by more than 25 percent is a departure
> sentence and must be accompanied by a written statement delineating the reasons for
> the departure, filed within 7 days after the date of sentencing.  A written transcription
> of orally stated reasons for departure from the guidelines at sentencing is permissible
> if it is filed by the court within 7 days after the date of sentencing.
>
> . . . .
>
> (e) A departure sentence must be within any relevant maximum sentence limitations
> provided by s. 775.082.
>
> (2) A departure from the recommended guidelines sentence is discouraged unless
> there are circumstances or factors which reasonably justify the departure.
> Aggravating and mitigating factors to be considered include, but are not limited to,
> those listed in subsections (3) and (4). The failure of a trial court to impose a
> sentence within the sentencing guidelines is subject to appellate review under chapter
> 924, but the extent of departure from a guidelines sentence is not subject to appellate
> review.
>
> (3) Aggravating circumstances under which a departure from the sentencing
> guidelines is reasonably justified include, but are not limited to:
>
> (a) The departure results from a legitimate, uncoerced plea bargain.

Fla. Stat. § 921.0016(1) (1998).

> Well before Petitioner's offense conduct, the Florida Supreme Court recognized that "a plea
bargain can constitute a valid reason for departure." *See* Quarterman v. State, 527 So. 2d 1380 (Fla.
1988); *see also* Holland v. State, 508 So. 2d 5, 6 (Fla. 1987) ("If the sentence is considered a
departure from the guidelines, the plea bargain constituted a valid reason for the departure.") (citing
Bell v. State, 453 So. 2d 478 (Fla. 2d DCA 1984); Key v. State, 452 So. 2d 1147 (Fla. 5th DCA
1984)).

The issue of whether the parties' agreement was a legal basis for imposing a departure sentence is purely a matter of Florida law.  "[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."  Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005); Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S. Ct. 1881, 1886, 44 L. Ed. 2d 508 (1975) ("State courts are the ultimate expositors of state law," and federal courts must therefore abide by their rulings on matters of state law) (citations and footnote omitted); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983).  Therefore, this court must defer to the state court's determination that the parties' agreement was a legal basis for imposing a departure sentence.

Even if, as Petitioner contends, the illegality of the original sentence invalidated the parties' original agreement as to the term of imprisonment, the record of the Rule 3.800 proceedings demonstrates that the parties subsequently agreed to a thirty-year sentence.  Petitioner argued in his Rule 3.800(a) motion that he should be resentenced in Case No. 99-CV-1490 to thirty years (Ex. K at 1–3).  The State agreed (*id.* at 14–17).  At the resentencing hearing, Petitioner's counsel requested a thirty-year sentence, and the State again agreed (*id.* at 44–48).  The court imposed the sentence agreed upon by the parties (*id.* at 30–37, 44–48).

In light of Petitioner's stipulation to a sentence greater than the recommended guidelines sentence, but not greater than the statutory maximum, Petitioner has failed to show that the state court's adjudication of his federal claim was contrary to or an unreasonable application of any Supreme Court holding.  Therefore, he is not entitled to federal habeas relief on Ground One or Ground Two.

B.  Ground Three: "Ex Post Facto violation in violation of the 14 [sic], 5th Amendment of the United States Constitution."

Petitioner asserts the court sentenced him to thirty years, which was the statutory maximum for a first degree felony, without a valid departure reason (doc. 10 at 6).  He contends this was not consistent with the laws in effect at the time the crime occurred, between March 1, 1998, and September 10, 1999 (*id.*).  He asserts he raised this claim in his Rule 3.800(a) motion, which was denied by the state circuit court on April 21, 2009 (*id.* at 6, 14).  His appeal of the decision was pending when he filed his federal petition (*id.*).

By the time Respondent filed its answer, the First DCA had affirmed the lower court's decision (Exs. AA, BB).  Respondent contends Petitioner's ex post facto claim is meritless (doc. 21 at 12–14).

      1.     Clearly Established Federal Law

Article I, Section 10, of the United States Constitution prohibits states from enacting ex post facto laws.  Under the Ex Post Facto Clause, a state may not retroactively apply any law that "inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L. Ed. 648 (1789).  Such laws implicate the core ex post facto concerns of "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997) (quoting Weaver v. Graham, 450 U.S. 24, 30, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981)) (emphasis in original).  As the Supreme Court stated in Lynce,

> To fall within the ex post facto prohibition, a law must be retrospective—that is, "it must apply to events occurring before its enactment"—and it "must disadvantage the offender affected by it," [Weaver, 450 U.S.] at 29, 101 S. Ct., at 964, by altering the definition of criminal conduct or increasing the punishment for the crime, see Collins v. Youngblood, 497 U.S. 37, 50, 110 S. Ct. 2715, 2723, 111 L. Ed. 2d 30 (1990).

519 U.S. at 441.  The question of whether a particular legislative change produces consequences sufficient to invoke the prohibitions of the Ex Post Facto Clause is a matter of "degree." Beazell v. Ohio, 269 U.S. 167, 46 S. Ct. 68, 70 L. Ed. 216 (1925).

It is clear that not every legislative change that "disadvantages" an offender or affects a prisoner's "opportunity to take advantage of the provisions for early release" violates the Constitution. California Dept. of Corrections v. Morales, 514 U.S. 499, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995).  Rather, a law must produce "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Morales, 514 U.S. 509.  While no exact formula for determining when a particular legislative change produces a sufficient effect on punishment to fall within the prohibitions for the Ex Post Facto Clause, the United States Supreme Court has made clear that the risk of affecting a prisoner's actual term of confinement must be more than

"speculative and attenuated."  *Id.*  Under <u>Morales</u>, the statute must affect the original punishment and produce a sufficient risk of increasing the original punishment.  *Id.*

The prohibition against ex post facto laws applies directly to state legislatures, but the Supreme Court has held that the Due Process Clause protects criminal defendants against action by the judiciary that would contravene the Ex Post Facto Clause if done by the legislature.  <u>Marks v. United States</u>, 430 U.S. 188, 191–92, 97 S. Ct. 990, 992–93, 51 L. Ed. 2d 260 (1977); <u>Bouie v. City of Columbia</u>, 378 U.S. 347, 353–54, 84 S. Ct. 1697, 1702–03, 12 L. Ed. 2d 894 (1964).  As the Supreme Court stated in <u>Bouie</u>:

> [A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10, of the Constitution forbids. . . . If a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction.

<u>Bouie</u>, 378 U.S. at 353–54.

2.      Federal Review of State Court Decision

Petitioner raised this claim in his Rule 3.800(a) motion (Ex. V at 1–5).  The state circuit court denied the claim on the ground that Petitioner's thirty-year sentence was within the statutory maximum, and, because the sentence was the result of a negotiated plea the court was not required to offer reasons for an upward departure (*id.* at 9–10 (citing <u>McDuffie v. State</u>, 946 So. 2d 99 (Fla. 2d DCA 2006))).  Petitioner appealed the decision to the First DCA (Ex. Y).  The First DCA affirmed the decision without written opinion (Ex. AA).

As previously discussed, at the time of Petitioner's offense conduct (between March 1, 1998, and September 10, 1999), Florida law provided that a court may impose a departure sentence outside the sentencing guidelines based upon circumstances or factors which reasonably justify the aggravation of the sentence, including, a "legitimate, uncoerced plea bargain."  *See* Fla. Stat. §§ 921.001, 921.0016 (1998).  When Petitioner was resentenced, he agreed (even requested) a thirty-year sentence, which did not exceed the statutory maximum.  The resentencing court imposed a thirty-year sentence based upon the parties' stipulation.  This was in accordance with the sentencing laws in effect at the time of Petitioner's offense conduct.  Therefore, Petitioner has failed to show that the state court's adjudication of his ex post facto claim was contrary to or an unreasonable

application of clearly established federal law.  Accordingly, he is not entitled to federal relief on Ground Three.

V.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the amended petition for writ of habeas corpus (doc. 10) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27<u>th</u> day of July 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**